UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

DENNIS BURKHOLDER,
    Plaintiff,

    v.                                                    C.A. No. 14-317L

OFFICER KRISTIN KYHOS,
OFFICER PAUL GINGERELLA,
SERGEANT DAVID TURANO,
    Defendants.

**MEMORANDUM AND ORDER**

RONALD R. LAGUEUX, Senior U.S. District Court.

    This matter is before the Court on Defendants' Motion for Summary Judgment. The parties have not identified any significant disputed facts, so the Court has rendered its decision based on the parties' briefs and the thorough record developed during discovery.[1] Defendants' Request for Oral Argument is denied. Defendants are three police officers from the town of Westerly, Rhode Island. Plaintiff, Dennis Burkholder, alleges that he was wrongfully arrested and prosecuted by Defendants when they charged him with trespassing in connection with an incident at the Westerly Home Depot store in October 2013. Because probable cause existed for Plaintiff's

---

[1] Plaintiff failed to file a Statement of Disputed Facts as required by the District of Rhode Island's Local Rules of civil procedure, LR Cv 56(a)(3). However, the Court has interpreted the facts, as set forth in the Complaint, the Plaintiff's memorandum, and his deposition testimony, in the light most favorable to the Plaintiff.

arrest, the Court grants summary judgment in Defendants' favor.

## Background

Plaintiff was a frequent shopper at his local Home Depot because of his work as a contractor. However, on August 18, 2013, his business at the store was personal. He had previously bought a washing machine at another store, and now he wanted to buy a matching dryer at Home Depot. Because of the lapse of time between the two purchases, Plaintiff was unable to get a dryer with a white paint finish that was a precise match with his washer. The issue had dragged on for several weeks and, apparently, one unsatisfactory dryer had already been sent to his home. When Plaintiff visited the store on August 18, he decided to take the matter up with the store manager, Scarlett Driscoll. Plaintiff acknowledges that, during this conversation, he became angry, raised his voice, and accused Driscoll of dishonesty while she stood on the store floor, about a couple of feet in front of him.

When the conversation concluded, Plaintiff continued to shop while, unbeknownst to him, Driscoll called the police. An officer, Michael Garafola, arrived, approached Plaintiff in the check-out line and escorted him from the store. In an affidavit, Garafola states that he told Plaintiff that he could not return to the Home Depot for two years. Garafola states further that, on his return to the police station, he entered "a no trespass

concerning Mr. Burkholder and the Home Depot into the IMC database." In his Complaint, Plaintiff asserts that he was never told that Home Depot or Driscoll was "issuing or requesting that a No Trespass Notice or Order issue against him whether pursuant to R.I.G.L. § 11-44-26 or any other statute." In his deposition, Plaintiff stated the officer who asked him to leave the store told him that he would have to get permission from Home Depot's District Manager if he wanted to return.

Whatever his understanding, Plaintiff was careful to avoid going inside the Home Depot after August 18 despite the fact that he needed to purchase supplies there for his contracting work. On an almost daily basis, Plaintiff dropped his son off at the store to make the purchases, and waited in the parking lot to pick him up. On October 1, 2013, Plaintiff sent his son into Home Depot and then pulled his truck up to the store's exit in order to help his son load some heavy items. Plaintiff left the parking lot without incident – however not before he was spotted and identified by a store employee who reported back to Driscoll. According to Plaintiff, someone from the store called the Westerly police, and Defendants Kyhos and Gingerella came to the store and took statements from employees. Kyhos and Gingerella reported back to their sergeant, Defendant Turano, and an arrest warrant for Willful Trespass was issued against Plaintiff.

Plaintiff received a call from the police department, asking

him to turn himself in.  Plaintiff reported to the police station on October 2, 2013, and was charged with Willful Trespass under Rhode Island General Laws § 11-44-26.  Plaintiff was booked and processed in approximately one hour, then he was released on his own recognizance.  Plaintiff's case went to trial in the Rhode Island District Court in Washington County.  The trial lasted "many days" or "a few days."  The charges were ultimately dismissed on March 26, 2014.

### *The Complaint*

Plaintiff's present complaint sounds in two counts.  The first count is for false arrest and false imprisonment. Plaintiff alleges that no probable cause existed for his arrest because "no valid 'No Trespass' order or notice was in effect or otherwise issued" to him.  Moreover, Plaintiff asserts that R.I. Gen. Laws § 11-44-26 cannot "provide a legitimate, constitutional basis" for probable cause because the statute is "overly broad and impermissibly vague."  The Complaint states:

> It impermissibly deputizes private actors with the police powers of the state by allowing them to independently deem entries onto property illegal acts. Such delegation of particular police powers is unconstitutional when accompanied by the vague directive of 'legitimacy.'

Because Plaintiff's arrest was not based on probable cause, the Complaint continues, the arrest was unconstitutional and violates Rhode Island's law against discrimination, R.I. Gen. Laws § 42-

-4-

112-1, and the federal statute barring state and local officials from depriving others of their civil rights under color of state law, 42 U.S.C. § 1983.

In Count II, Plaintiff asserts that he was the victim of malicious prosecution and abuse of process.  Plaintiff was never properly issued "a Notice Not to Trespass."  When Defendants issued the arrest warrant which led to Plaintiff's prosecution, they lacked probable cause to believe that he "had committed, was committing, and/or was about to commit a crime."  Because Plaintiff's arrest lacked a legitimate purpose, Defendants committed an abuse of process and maliciously prosecuted him, causing damages including the costs of defending the District court lawsuit.

## **Standard of Review**

When ruling on a motion for summary judgment, the court must look to the record and view all facts and inferences therefrom in the light most favorable to the nonmoving party.  Continental Cas. Co. v, Canadian Univ. Ins. Co., 924 F.2d 370, 373 (1st Cir. 1991).  Once this is done, Rule 56(a) requires that summary judgment be granted if there is no issue as to any material fact and the moving party is entitled to judgment as a matter of law.

The ultimate burden of persuasion is on the moving party to show that the undisputed facts entitle it to summary judgment as a matter of law.  Jaroma v. Massey, 873 F.2d 17, 20 (1st Cir.

1989). The moving party must show that "there is an absence of evidence to support" the non-moving party's claim. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

If that burden is met, the nonmoving party cannot rest on its pleadings, but must "set forth specific facts demonstrating that there is a genuine issue for trial" as to the claim that is the subject of the summary judgment motion. Oliver v. Digital Equipment Corp., 846 F.2d 103, 105 (1st Cir. 1988).

## Analysis

### *Count I*

Plaintiff's Count I appears to include four related allegations. First, Plaintiff alleges that he was falsely arrested and falsely imprisoned because there was no probable cause for his arrest. For these state law claims, the Court turns to the Rhode Island Supreme Court for guidance. In Horton v. Portsmouth Police Department, that Court explained that "the existence of probable cause is a complete defense to a false arrest claim." 22 A.3d 1115, 1122 (R.I. 2011).

> Probable cause is determined under a flexible 'totality-of-the- circumstances' analysis. Accordingly, establishing the existence of probable cause to arrest a person does not require the same degree of proof needed to determine whether that person is guilty of the crime in question.

Id. (internal citations omitted). The Rhode Island Supreme Court has held that the existence of probable cause may be determined

-6-

as a matter of law at the summary judgment stage. Henshaw v. Doherty, 881 A.2d 909, 917 (R.I. 2005).

In the present case, the facts are clear and undisputed. Although Plaintiff may not have known that Officer Garafola entered "a no trespass...into the IMC database," Plaintiff does concede that he was escorted from the Home Depot by police in August 2013, and instructed not to return unless he obtained permission from the retailer's district manager. Plaintiff certainly got the message because, from that point forward, he arranged to have his son do his shopping for him. On October 1, 2013, Plaintiff approached the store's doors to help his son with some loading. Neither the Court nor the Plaintiff is privy to the details of Officer Garafola's "no trespass," for example, whether or not it covered the parking lot or just the store, etc.; however, it is perfectly reasonable that an employee standing inside the store's door would assume that Plaintiff's presence just outside the door indicates a possibility that he may enter the store. As it happened, an employee in the store called the police, the police came and took statements, and this led to Plaintiff's arrest. The Court holds that, as a matter of law, probable cause existed for this arrest. Consequently, Plaintiff's claims that he was falsely arrested and falsely imprisoned are dismissed.

Plaintiff also alleges that the unconstitutional vagueness

of Rhode Island's trespass statute supports a finding that he was falsely arrested.  The Rhode Island Supreme Court has determined that police officers are entitled to rely upon the presumptive validity of statutes when they make an arrest.  <u>Descoteaux v. Bonaventura</u>, 350 A.2d 396, 397 (R.I. 1976).  Therefore, even if a statute is later determined to be unconstitutional, that does not serve as a basis for a false arrest claim.

Third, Plaintiff cites the federal civil rights statute, 42 U.S.C. § 1983, in Count I.  However, Plaintiff's detention of under one hour in the Westerly police station based on an arrest for which there was probable cause does not rise to the level of a constitutional violation, as a matter of law.  Likewise, although Plaintiff claims Defendants violated Rhode Island's law against discrimination based on "race, color, religion, sex, disability, age, or country of ancestral origin," R.I. Gen. Laws § 42-112-1, he presents no evidence of discrimination to support this claim.  Consequently, the Court grants summary judgment in Defendants' favor on Count I of the Complaint.

### *Count II*

In Count II, Plaintiff alleges that he was not properly issued a notice that he was not to trespass at Home Depot, pursuant to R.I. Gen. Laws § 11-44-26 or any other statute. Plaintiff alleges further that there was no probable cause for the issuance of the arrest warrant.  Because there was no

probable cause, the arrest lacked a legitimate purpose, which resulted in the charges being dismissed following the trial. According to Plaintiff, this amounts to malicious prosecution and abuse of process.

To establish a claim of malicious prosecution, a plaintiff must prove four elements, one of which is a lack of probable cause for the initiation of the criminal proceeding.  See Henshaw, 881 A.2d at 915.  As the Court has already determined that there was probable cause to arrest and charge Plaintiff with trespass, his claim of malicious prosecution fails as a matter of law.

The separate, though related, tort of abuse of process arises when a properly-initiated legal proceeding is corrupted in order to accomplish a wrongful purpose.  Hillside Associates v. Stravato, 642 A.2d 664, 667 (R.I. 1994).  Citing Prosser and Keaton on the Law of Torts, the Rhode Island Supreme Court explained:

> Thus if the defendant prosecutes an innocent plaintiff for a crime without reasonable grounds to believe him guilty, it is malicious prosecution; if he prosecutes him with such reasonable grounds but his ulterior motive is to extort payment of a debt, it is abuse of process.

Hillside Associates, 642 A.2d at 667.  Though Plaintiff makes the allegation of abuse of process, he has not provided any evidence to demonstrate that his prosecution was, at any point, corrupted

or motivated by an ulterior motive or animus.  In point of fact, the outcome of the trial was favorable for Plaintiff, as the charges were dismissed.

The issue of notice to Plaintiff concerning the order entered into the "IMC system" by Officer Garafola is a red herring.  Rhode Island's willful trespass statute, § 11-44-26, defines trespass as entering the land "after having been forbidden to do so by the owner of the land or the owner's duly authorized agent..."  No written notice or formal entry of an order is required.  Plaintiff's own account of the events of August 2013 – that he was escorted from the store by a police officer and told that he could not return unless he received permission from the chain's district manager – constitutes sufficient warning to comply with the statute.

Plaintiff also asserts that the fact that the charges against him were ultimately dismissed demonstrates that he was wrongfully prosecuted.  The standard for conviction, that guilt exists beyond a reasonable doubt, is a more burdensome standard than that required to initiate a lawsuit.  To initiate a criminal proceeding requires a demonstration of probable cause.  In Solitro v. Moffatt, the Rhode Island Supreme Court explained this distinction:

> We have previously held that probable cause exists when facts and circumstances would lead an ordinarily prudent and careful person to conclude that the accused is guilty.  This is not to say, however, that the facts

> giving rise to prosecution must be so strong as to convince a prudent person that guilt exists beyond a reasonable doubt; it is sufficient that the facts known to the accuser provide reasonable grounds for a belief that criminal activity at the hands of the accused has occurred.

523 A.2d 858, 862 (R.I. 1987). See also Horton, 22 A.3d at 1123 n.7 ("[A] lack of probable cause will not be inferred...from the single fact that the plaintiff was acquitted from the charge lodged against him.") Because the Court has held that probable cause existed for Plaintiff's arrest, the fact that the prosecution resulted in the dismissal of the charges provides no legal support for his allegation of malicious prosecution. Consequently, Plaintiff's Count II is dismissed.

## Conclusion

For the reasons explained herein, Defendants' motion for summary judgment on Plaintiff's Complaint is granted. The Clerk shall enter judgment in Defendants' favor accordingly.

It is so ordered.

/s/Ronald R. Lagueux
Ronald R. Lagueux
Senior United States District Judge

DATE: February 8, 2016